UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

IN RE:                                      MEMORANDUM DECISION
                                             AND ORDER

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001                         03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Amato, et al. v. Islamic Republic of Iran*, No. 21-cv-10239 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On September 9, 2022, Plaintiff Kathleen Shagi, personal representative of the Estate of Michael Shagi, moved this Court for partial final default judgment against the Islamic Republic of Iran for pain and suffering sustained by Michael Shagi during the September 11, 2001 terrorist attacks (the "9/11 Attacks") and his subsequent economic losses. (Default Mot., ECF No. 8511.)[1] Before this Court is Magistrate Judge Sarah Netburn's June 27, 2023 Report and Recommendation (the "Report"), recommending that this Court grant Plaintiff's motion. (Report, ECF No. 9168, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 4–5.) No party has filed any objections. Accordingly, this Court reviews the Report for clear error and ADOPTS Magistrate Judge Netburn's Report in full.

I.     LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570.

1

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING PAIN AND SUFFERING DAMAGES FOR PLAINTIFF

On February 7, 2020, the Court established a framework to award pain and suffering damages to individual plaintiffs who sustained injuries during the 9/11 Attacks. (Feb. 7, 2020 R. & R., ECF No. 5879, *adopted at* Feb. 14, 2020 Mem. Decision and Order, ECF No. 5946.) The framework is as follows:

| Category of Injury[2] | Pain and Suffering Damages |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000[3] |
| Devastating | $10,000,000 |

(Feb. 14, 2020 Mem. Decision and Order at 3.)

Magistrate Judge Netburn applied the correct framework and properly determined Plaintiff's award for pain and suffering damages. (*See* Report at 2–3.) Plaintiff submitted declarations and exhibits, extensively detailing the injuries Michael Shagi sustained during the 9/11 Attacks. (*See* Decl., ECF No. 8513-2.) The Report accurately describes the relevant injuries

---

[2] The February 7, 2020 Report and Recommendation defines types of injuries for each category, but leaves it to the Court's discretion to determine appropriate damages (allowing further upward departures) that "most[] fairly correspond[] to all of [Plaintiff's] injuries, taken together, focusing on . . . severity, duration, and permanence." (Feb. 7, 2020 R. & R. at 10.)

[3] The $7,000,000 figure is the baseline assumption that this Court begins with to determine pain and suffering damages, deviating upwards or downwards accordingly. (Feb. 14, 2020 Mem. Decision and Order at 3.)

2

and confirms that the medical records reflect these injuries. (Report at 2–3.) Therefore, Plaintiff is awarded $7,000,000 for pain and suffering damages.

### III. MAGISTRATE JUDGE NETBURN DID NOT ERR IN AWARDING ECONOMIC DAMAGES TO PLAINTIFF

Plaintiffs may recover for "economic damages" under 28 U.S.C. 1605A(c)(4), and "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent," *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court has consistently awarded such damages "where those damage calculations are appropriately supported by expert testimony." (Report at 3.)

Magistrate Judge Netburn properly awarded Plaintiff's economic damages. Plaintiff submitted an expert report with detailed calculations. (Decl., ECF No. 8513-3.) The Report accurately reflects the appropriate economic analyses. (Report at 3.) Therefore, Plaintiff is awarded $309,790.00 for economic damages.

Additionally, Magistrate Judge Netburn appropriately found that Plaintiff (1) be awarded "prejudgment interest [on pain and suffering damages] at a rate of 4.96 percent per annum, compounded annually, from September 11, 2001, to the date of judgment"; (2) be awarded "prejudgment interest [on economic damages] at a rate of 4.96 percent per annum, compounded annually, from July 1, 2022 to the date of judgment"; and (3) may "apply for punitive or other damages at a later date and in a manner consistent with any applicable future Court rulings." (*Id.* at 3–4.)

### IV. CONCLUSION

Plaintiff's motion for partial final default judgment, (ECF No. 8511), is GRANTED. It is

**ORDERED** that Plaintiff is awarded judgment for pain and suffering damages of $7,000,000.00; and it is further

**ORDERED** that prejudgment interest is awarded for these pain and suffering damages at a rate of 4.96 percent per annum, compounded annually, from September 11, 2001, to the date of judgment; and it is further

**ORDERED** that Plaintiff is awarded judgment for economic damages of $309,790.00; and it is further

**ORDERED** that prejudgment interest is awarded for these economic damages at a rate of 4.96 percent per annum, compounded annually, from July 1, 2022, to the date of judgment; and it is further

**ORDERED** that Plaintiff may, at a later date, submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered) consistent with any future rulings made by this Court on this issue.

The Clerk of Court is directed to close the open motions at ECF No. 8511 in Case No. 03-md-1570 and ECF No. 39 in Case No. 21-cv-10239.

Dated: July 17, 2023
New York, New York

**SO ORDERED.**

_____
GEORGE B. DANIELS
United States District Judge