UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD) (SN)

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### FOR LEAVE TO AMEND TO CORRECT ERRORS

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in Support of Motion for Leave to Amend to Correct Errors, and say:

### BACKGROUND

Plaintiffs are comprised of personal representatives and eligible family members of individuals killed in the terrorist attacks against the United States on September 11, 2001. The only defendant in this case is the Islamic Republic of Iran ("Iran"). On December 1, 2021, plaintiffs commenced suit against Iran by filing a Complaint. ECF No. 1.[1] Iran was served on June 15, 2022, pursuant to 28 U.S.C. § 1608(a)(4). MDL ECF No. 8407. Iran failed to serve an answer or otherwise file a responsive pleading within sixty (60) days after service, and the Clerk issued a Certificate of Default on August 24, 2022. MDL ECF No. 8443. Plaintiffs are filing this motion prior to seeking a judgment for damages against Iran.

Plaintiffs' counsel conducted extensive quality control before filing the Complaint and has continued its quality control process thereafter, during which time it has continued to obtain additional information from clients to complete its files. In so doing, counsel has determined that a plaintiff's incorrect last name was contained in the Complaint filed in the above-referenced

---

[1] This ECF citation is to the individual docket in *Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD) (SN).

docs-100657992.1

matter. This correction does not constitute a substantial change that would potentially warrant additional service of an amended pleading on Iran.

Through the instant Motion, Plaintiffs seek to correct this error before proceeding to default judgment to ensure the record is accurate. The modification requested herein does not affect the substantive claims or relief sought. No new claims are asserted, and no additional plaintiffs have been added. Moreover, because the change is insubstantial, no additional service on Iran is required.

## ARGUMENT

### I. LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that leave to amend the complaint should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This 'permissive standard … is consistent with [the] strong preference for resolving disputes on the merits.'" *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 CIV. 7907 (JFK)(HBP), 2018 WL 6444934, at *4 (S.D.N.Y. Dec. 10, 2018), *objections overruled*, No. 16 CIV. 7907 (PGG), 2020 WL 3483632 (S.D.N.Y. June 26, 2020), quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d. Cir. 2015). Leave to amend should only be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). It is well settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

### A.   Plaintiffs' Request For Leave To Amend Should Be Granted Under The Permissive Standard Set Forth In Fed. R. Civ. P. 15(a)(2).

Here, Plaintiffs only seek to correct what can best be characterized as a typographical error. There are no new claims asserted or any change in the substantive relief sought. Instead, the record will be made to accurately reflect the name of the Plaintiffs. This proposed amendment, as specifically itemized below, clearly does not constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" and, therefore, should be permitted. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

#### 1.   Plaintiffs' Name Correction:

The following Plaintiff's name should be corrected[2] as follows:

|    | Case Number   | Plaintiff's Full Name as Pled | Plaintiff's Full Name as Amended |
|----|---------------|-------------------------------|----------------------------------|
| 1. | 1:21-cv-10239 | Christine Peschel             | Christine Kuveikis               |

### B.   No Additional Service Is Required Because The Change Contained In The Amended Pleading Is Insubstantial.

In this case, Plaintiffs properly served Iran in accordance with the Foreign Sovereign Immunities Act and, after Iran failed to timely respond, the Clerk of Court issued a Certificate of Default. *See* ECF No. 8443. Plaintiffs now seek to make the aforementioned correction, which is insubstantial. It is well settled that no additional service is required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'" *Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, 47 (D.D.C. 2013), *citing Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("Service of the original complaint was effected on all three Defendants under 28

---

[2] Plaintiffs request that this correction apply to all places and claims where the Plaintiff's name is mentioned in the complaint and requested relief.

U.S.C. § 1608(a)(4). …Plaintiff did not serve the amended complaint on defendants.  Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 46 (D.D.C. 2006), *enforcement granted*, No. 02-CV-285 (RCL), 2011 WL 13376985, at *46 (D.D.C. Dec. 2, 2011) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. …Accordingly, this Court will not require plaintiff to serve the amended complaint."); *Dammarell v. Islamic Republic of Iran*, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.").

In this case, the Plaintiffs only seek to correct a typographical error.  Because this change is insubstantial, no additional service of the amended pleadings should be required.

## CONCLUSION

The correction requested by Plaintiffs is clerical in nature and serves to clarify the record.  It does not affect the substance of any claims made in the above-referenced action.  Moreover, the correction is necessary for the administration of justice insomuch as not making it will potentially affect the rights of the incorrectly identified plaintiff to enforce and collect on any judgment this Court enters in their favor.  For the foregoing reasons, Plaintiffs respectfully request that this Court permit the proposed amendment without requiring service on Iran.

Dated: May 16, 2024

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*Attorneys for Plaintiffs*